**SO ORDERED.**

**SIGNED this 28th day of January, 2011.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| STONE CREEK VILLAGE | § | CASE NO. 5:10-bk-54343 |
| PROPERTY OWNERS | § | |
| ASSOCIATION, INC. | § | |
| *Debtor* | § | CHAPTER 11 |
| | § | |

MEMORANDUM OPINION AND ORDER

The proceeding before the Court is a motion for relief under 11 U.S.C. §362 for violation of the automatic stay, filed by STONE CREEK VILLAGE PROPERTY OWNERS ASSOCIATION, INC. debtor and debtor in possession ("Debtor" or "Movant"). Debtor appeared by and through its counsel of record and Respondents John E. Vogt, Nelda L. Vogt, and Steven Schulte Esq. ("Respondents") appeared by and through their counsel Steven Schulte Esq. A hearing is scheduled in the 216th District Court for January 31, 2010. In the interest of reducing further litigation this Court must clarify the responsibilities of the Respondents under

the automatic stay. All Findings of Fact that are more properly characterized as Conclusions of Law are so designated and all Conclusions of Law that are more properly characterized as Findings of Fact are so designated. For the reasons stated below, the motion shall be GRANTED in part and DENIED in part.

### Findings of Fact

This Court finds as follows: Debtor filed its petition for bankruptcy and provided notice to Respondents on November 04, 2010. The next day, on November 05 2010, a hearing was held before Judge Williams in the 216th District Court sitting in Kendall County, Texas in which Respondents sought a judgment against several defendants for contempt of court. A Contempt Judgment was entered on November 05, 2010 ("the Contempt Judgment") that contains findings of contempt against the Debtor. The finding of contempt against the Debtor for failure to remove encroachments owned by the Debtor is a violation of the automatic stay.[1] The order assessing costs jointly and severally against Debtor is a violation of the automatic stay.[2] The Contempt Judgment is a violation of the automatic stay. The violation was not intentional as defined by 11 U.S.C. 362(k).

### Conclusions of Law

Section 362 of the bankruptcy code provides for an immediate stay upon filing of the petition that halts "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(1).

---

[1] *See, e.g.* the Contempt Judgment, Page 1 at ¶2; Page 2 at ¶1; Page 4 at ¶2.
[2] *See e.g.* the Contempt Judgment, Page 11 at ¶4;

Orders and judgments of a state court that violate the automatic stay are voidable. *Jones v. Garcia (In re Jones)*, 63 F.3d 411, 412 & n.3 (5th Cir. 1995). In order to secure the stay's protections, courts must display a certain rigor in reacting to violations of the automatic stay. *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 974 (1st Cir. 1997). As specified in the foregoing findings of fact, the actions and orders of the 216th District Court that violate the automatic stay are held to be void *ab initio* and without force and effect. Under the supremacy clause in Article 6 of the United States Constitution, the orders and Contempt Judgment issued by the 216th District Court on November 05, 2010 are preempted and are unenforceable against the Debtor in any state or federal proceeding by the principles of collateral estoppel and res judicata. The Respondents may not proceed against the Debtor in post-judgment actions arising from Cause No. 06-150 without leave of this Court while the automatic stay is in place.

The Court does not today reach or need to reach the question regarding pursuit of Cause No. 06-150 and the effect of the Contempt Judgment against third parties. IT IS THEREFORE ORDERED THAT DEBTOR'S MOTION FOR SANCTIONS IS DENIED AS TO THE REQUEST FOR MONETARY SANCTIONS UNDER §362(k) AND GRANTED IN ALL OTHER THINGS.

###

**Name and Contact information for legal counsel preparing the foregoing order is as follows:**
　　Todd Prins
　　SBN 16330400
　　taprins@prinslaw.com
　　PRINS LAW FIRM
　　4940 Broadway, Suite 108
　　San Antonio, Texas 78209
　　(210) 820–0833
　　(210) 820–0929 (fax)

**Copies of the signed order should be sent to the following:**
　　· Steven Schulte, Main Plaza One, 820 Main St., Suite 100, Kerrville, TX 78028
　　· Timothy Patton, 11 Lynn Batts Lane, Suite 120, San Antonio, Texas 78218

· United States Trustee, 615 E. Houston Street, Room 533, San Antonio, Texas 78205
· Twenty largest creditors and the persons listed on the matrix pursuant to the Local Bankruptcy Rules on 3rd day of August, 2009

· United States Trustee, 615 E. Houston Street, Room 533, San Antonio, Texas 78205
· Twenty largest creditors and the persons listed on the matrix pursuant to the Local Bankruptcy Rules on 3rd day of August, 2009